IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM BURKE, | ) | |
|     Petitioner, | ) | Civil Action No. 14-204 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Susan Paradise Baxter |
| BOBBY L. MEEKS, | ) | |
|     Respondent. | ) | |

# **OPINION**[1]

Petitioner, Kareem Burke, is a federal inmate who has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 5) in which he challenges the length of his placement in a Residential Re-entry Center ("RRC," formerly known as a halfway house). For the reasons set forth below, the petition is denied.

## I.

**A.      Relevant Statutory/Regulatory/Policy Background**

Several statutes and Bureau of Prisons ("BOP") policies and programs are relevant to Petitioner's case. The BOP designates an inmate's place of imprisonment. In making its designation decision, 18 U.S.C. § 3621(b) requires that the BOP consider: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted, or recommending a type of penal or correctional

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

facility as appropriate; and, (5) any pertinent policy statement by the Sentencing Commission. 18 U.S.C. § 3621(b)(1)-(5).

18 U.S.C. § 3624, as amended by the Second Chance Act ("SCA"), PL 110-199 (April 9, 2008), provides the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC or home confinement. At subsection (c), it provides, in relevant part:

> **(c) Prerelease custody.**--
>
> **(1) In general.**--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> **(2) Home confinement authority.**--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
>
> - - -
>
> **(4) No limitations.**--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.

18 U.S.C. § 3624(c)(1),(2), (4).

The SCA directed the BOP to issue new regulations regarding pre-release custody to "ensure that placement in a community correctional facility by the Bureau of Prisons is– (A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). After the SCA was enacted, the BOP adopted regulations, codified at 28 C.F.R. § 570.22, which provide:

> Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the timeframes set forth in this part.

2

28 C.F.R. § 570.22.

The BOP has issued a guidance memorandum that advises staff that the primary goal of RRC placement is to reduce recidivism. The memorandum further advises that RRC resources are limited and must focus on those inmates most likely to benefit from RRCs in terms of anticipated recidivism reduction. It explains: "Our strategy is to focus on inmates who are at higher risk of recidivating and who have established a record of programming during incarceration, so that pre-release RRC placement will be as productive and successful as possible." The memorandum also explains that RRCs are most effective, in terms of recidivism reduction, for inmates at higher risk for recidivism. Consequently, appropriate higher-risk inmates should be considered for longer RRC placements than lower-risk inmates. (Resp's Ex. 1h, June 24, 2010, Memorandum).

Also relevant to Petitioner's case is BOP Program Statement 5330.11, Psychology Treatment Programs, which provides incentives for inmates who complete the Non-Residential Drug Abuse Treatment Program ("NR DAP") and the Residential Drug Abuse Treatment Program ("RDAP.") (Resp's Ex. 1j, Program Statement 5330.11, Chapter 2 at 7, 19). With respect to NR DAP, the Program Statement provides:

> Each Warden is strongly encouraged to approve inmates who successfully complete the non-residential drug abuse program for the maximum of RRC placement. On occasion, administrative factors (e.g., bed space limitations at an RRC) or community safety concerns (*i.e.*, exclusionary criteria) occur that require consideration for a RRC placement of more or less than the recommended number of days. When this occurs, the goal for both the Warden and Community Corrections Manager (CCM) is to seek the best possible placement for the RRC period without negatively impacting bed space limitations in contract facilities or jeopardizing community safety.

(Id., Chapter 2 at 7). With respect to RDAP completion, Program Statement 5330.11 provides:

> (a) An inmate may receive incentives for his or her satisfactory participation in the RDAP. Institutions may offer the basic incentives described in paragraph (a)(1) of this section. Bureau-authorized institutions may also offer enhanced incentives as described in paragraph (a)(2).

3

  (1) Basic incentives . . .

  (ii) Consideration for the maximum period of time in a community-based treatment program, if the inmate is otherwise eligible.

(Id., Chapter 2 at 19). This RDAP incentives provision is also set forth in BOP regulations, codified at 28 C.F.R. § 550.54.

**B.  Relevant Factual Background**

  On June 4, 2012, Petitioner was sentenced in the U.S. District Court for the Southern District of New York to a 60 month term of imprisonment, to be followed by four years of supervised release, for Conspiracy to Distribute a Controlled Substance Involving 100 Kilograms and More of Marijuana, in violation of 21 U.S.C. § 846. Upon imposition of sentence, the court recommended to the BOP that it designate Petitioner to the Federal Prison Camp at the United States Penitentiary ("USP") in Lewisburg, Pennsylvania, to facilitate maintenance of Petitioner's family ties. The court also recommended that the BOP afford Petitioner the opportunity to participate in its Drug Abuse Treatment Program and to consider him for placement in community confinement and home detention for the maximum permissible period. (Resp's Ex. 2a at 2).

  After Petitioner completed the NR DAP at USP Lewisburg, the BOP transferred him to the Federal Correctional Institution ("FCI") in McKean, Pennsylvania, which is located within the territorial boundaries of this Court. Petitioner commenced the RDAP at FCI McKean on September 19, 2013, and the BOP determined that he was provisionally eligible to receive a reduction in sentence if he completed the program. (Resp's Ex. 1c).

  In early 2014, Petitioner met with members of his Unit Team for purposes of determining an appropriate placement in an RRC for pre-release programming. The Unit Team considered a number of factors in making its determination, such as: Petitioner was serving a sentence for a marijuana

4

distribution conspiracy; he had no incident reports or disciplinary action taken against him; he was participating in programs; the federal sentencing court recommended Petitioner for a maximum length community programming placement; and he participated in the RDAP. After considering Petitioner's individual circumstances, the Unit Team indicated it would recommend Petitioner for a 180 day placement in an RRC and/or home confinement upon completion of the RDAP. (Resp's Ex. 2b, Community Programming Consideration, dated January 29, 2014).

On February 25, 2014, the Unit Team confirmed that Petitioner secured post-release housing in New York City with a friend. The Unit Team noted that Petitioner had no active detainers or pending criminal charges and that he was in need of transitional services due to his completion of the RDAP. (Resp's Ex. 2c, Supervision Release Plan).

On March 18, 2014, after receipt of additional information, Petitioner's Unit Team re-considered his RRC placement recommendation. (Resp's Ex. 2d, Community Programming Reconsideration). During this meeting, the Unit Team considered the following factors: Petitioner had completed his obligations under the Inmate Financial Responsibility Program; he had maintained clear conduct; he secured a release residence; and, he had employment skills and a post-release job lined-up. (Id.) The Unit Team also noted Petitioner's completion of NR DAP as well as RDAP. (Id.) It also considered a letter from the owner of a fashion company in which he confirmed that he would provide Petitioner with post-release full-time employment in the company's main showroom in New York City. (Resp's Ex. 2e, Letter Dated March 18, 2014). The owner stated in the letter that Petitioner had great knowledge and experience in the fields of fashion and brand marketing. (Id.) After a reconsideration of Petitioner's individual circumstances, the Unit Team indicated it would once again recommend Petitioner for a 180 day RRC and/or home confinement placement. (Resp's Ex. 2d).

After having no success in his administrative remedy appeal, Petitioner commenced habeas proceedings in this Court by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 5) in which he challenges the length of his placement in an RRC. Respondent has filed an Answer (ECF No. 11) in which he contends that the petition should be denied.

**C.     Discussion**

A district court may only extend the writ of habeas corpus to an inmate if Petitioner demonstrates that "[h]e is in [Bureau] custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241(c)(3). Thus, habeas relief is available in this case only if Petitioner were to show a violation of the Constitution or federal law, not merely that he disagrees with a BOP decision that is within its discretion to make. Id.; see, e.g., Marshall v. Lansing, 839 F.2d 933, 949-50 (3d Cir. 1988).

As explained above, 18 U.S.C. § 3624 provides the BOP with the discretion to determine whether and how long an inmate is to be pre-released to an RRC provided such pre-release confinement is practicable and the BOP considers § 3621(b)'s factors on an individual basis. 18 U.S.C. § 3624(c); 28 C.F.R. § 570.22. Petitioner has no substantive right to any particular length of time in an RRC. Id.; See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 244-51 (3d Cir. 2005) (in exercising its discretion to make halfway house placement decisions, the Bureau must consider the factors set forth in § 3621(b); "[h]owever, that the [Bureau] may assign a prisoner to a halfway house does not mean that it must."); Levine v. Apker, 455 F.3d 71, 80 (2d Cir. 2006) (Congress's use of the language "may designate" in § 3621(b) endows the BOP with broad discretion). See Marshall, 839 F.2d at 949-50 (the discretionary decision made by the Parole Commission where to place an individual within the range specified by the appropriate guideline was not reviewable. It is well established that the United States Constitution does not confer any right upon an inmate to any particular custody or security

classification). See, e.g., Powell v. Weiss, 757 F.3d 338, 342 (3d Cir. 2014) (quoting Montanye v. Haymes, 427 U.S. 236, 242 (1976) for the proposition that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."). See Beckley v. Miner, 125 F.App'x 385, 389 (3d Cir. 2005) ("It is well settled, and the parties agree, that the Bureau has nearly exclusive jurisdiction to classify and transfer prisoners."). Section 3624 does not mandate a particular method or procedure that the BOP must follow when making its decision, as long as the criteria set forth at § 3621(b) are considered. See, e.g., Woodall, 432 F.3d at 244-49 (the BOP may not categorically remove its ability to consider the explicit factors set forth by Congress in § 3621(b) for making placement and transfer determinations).

This Court may only evaluate the BOP's decision regarding RRC placement to determine if it abused its discretion by not adhering to the requirements of the applicable law. Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012); Woodall, 432 F.3d at 244-49; Marshall, 839 F.2d at 942-51 (district court's authority to ensure that an agency adheres to the law does not permit it to displace the agency's decisionmaking process; the role of the court is limited to ensuring that the agency follows the law and its regulations (which have the force of law)). Petitioner has not demonstrated the BOP abused its discretion. His Unit Team properly considered him for RRC placement after an evaluation of his individual circumstances against the five factors set for at 18 U.S.C. § 3621(b). (Resp's Ex. 2d).

Respondent does not dispute that BOP regulations and policies permit institutions to provide basic incentives for an inmate's satisfactory participation in the NR DAP and RDAP. However, Respondent correctly points out that the the use of the word "may" in the regulation and in the policies (and the lack of mandatory language with respect to any particular incentive) reflects that both the

7

decision as to whether to award an incentive and the decision as to the type of basic incentives offered to any inmate for successful participation in NR DAP or RDAP is discretionary. "Consideration for the maximum period of time in a community-based treatment program," is but one of several basic incentives available for each institution to consider as a basic incentive. 28 C.F.R. § 550.54(a).

In conclusion, Petitioner has not demonstrated that the BOP abused its discretion, violated any federal constitution right, any federal statute, or the relevant regulations when it made the challenged RRC placement decision. He was properly considered for RRC placement after an evaluation of his individual circumstances against the factors set forth in § 3621(b). There is no basis for this Court to disturb the BOP's determination, which was a valid exercise of its discretion.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied. An appropriate order follows.[2]

Dated:  March 23, 2015                 /s/ Susan Paradise Baxter
                                        SUSAN PARADISE BAXTER
                                        United States Magistrate Judge

---

[2] Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 132 S.Ct. 641 (2012); 28 U.S.C. § 2253(c)(1)(B). As such, the Court makes no certificate of appealability determination in this matter.